IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRANCE JAMES BURKE,

    Petitioner,                     No. CIV S-06-0459 FCD DAD P

    vs.

ROSEANNE CAMPBELL, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a judgment of conviction entered by the Placer County Superior Court on October 13, 1998. Respondents have moved to dismiss the petition on the ground that the petition is barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act. For the reasons set forth below, the undersigned will recommend that respondents' motion be denied.

PROCEDURAL HISTORY

        On August 18, 1998, a Placer County jury found petitioner guilty of committing two counts of lewd and lascivious acts against a child under the age of 14, in violation of California Penal Code § 288(a). The jury also found true the allegations that petitioner had suffered two prior convictions for violent or serious felonies within the meaning of California

1

1  Penal Code § 1170.12.  Petitioner received a sentence of twenty-five years to life in state prison
2  pursuant to California Penal Code § 667.61 plus two consecutive terms of five years each for the
3  two prior felonies, for a total of 35 years to life in state prison.  (Pet. at (2); Mot. to Dismiss at 1-
4  2 & Lodged Doc. 1 at 1-2.)
5           Petitioner appealed his conviction and sentence to the California Court of Appeal
6  for the Third Appellate District.  Seven issues were raised in the appeal.  On December 28, 2000,
7  the Court of Appeal affirmed the judgment in an unpublished opinion.  Petitioner then sought
8  review of four of the seven issues in the California Supreme Court.  The California Supreme
9  Court denied review on March 28, 2001.  Petitioner did not file a petition for a writ of certiorari
10 in the United States Supreme Court.  (Pet. at (2), (3)(a), (3)(b), (3)(c) & Attachs. #1 & #2; Mot.
11 to Dismiss at 2 & Lodged Doc. 1 at 1-2.)
12          On June 4, 2002, petitioner filed a petition for writ of habeas corpus in the Placer
13 County Superior Court.  Four issues were raised in the petition.  On June 24, 2002, the Superior
14 Court denied the petition in an order that set forth the four grounds for relief advanced by
15 petitioner and addressed them as follows:

> The Petition for Writ of Habeas Corpus is DENIED for the reasons
> that the Petitioner has failed to adequately explain why these issues
> were not raised on appeal.  In addition, stated grounds for relief are
> frivolous.

19 (Pet. at (3)(a), (3) (d), (4)(a) & Attachs. 3 & 4; Mot. to Dismiss at 2 & Lodged Docs. 2 & 3.)
20          On April 29, 2003, petitioner filed a petition for writ of habeas corpus in the
21 California Court of Appeal for the Third Appellate District.  In this petition he raised the same
22 four issues he had raised in the habeas proceeding in Superior Court.  The petition was denied on
23 May 15, 2003 without opinion or citation.  (Pet. at (4)(a) & Attachs. #5 & #6; Mot. to Dismiss at
24 2 & Lodged Docs. 4 & 5.)
25          On December 8, 2004, petitioner filed a petition for writ of habeas corpus in the
26 California Supreme Court.  In this petition he raised three of the four issues raised in the two

1 lower courts.  The petition was denied on February 22, 2006, with citations to <u>In re Robbins</u>, 18
2 Cal. 4th 770, 780 (1998), and <u>In re Dixon</u>, 41 Cal. 2d 756 (1953).  (Pet. at (4)(a), (4)(b) &
3 Attachs. 7 & 8; Mot. to Dismiss at 2 & Lodged Docs 6 & 7.)

   Petitioner's federal habeas petition was received for filing on March 6, 2006.

THE PARTIES' ARGUMENTS

I. <u>Respondents' Motion</u>

   Respondents argue that, pursuant to 28 U.S.C. § 2254(d)(1)(D), the statute of limitations on petitioner's claims began to run on June 26, 2001, upon expiration of the 90-day period during which petitioner could have filed a petition for a writ of certiorari in the United States Supreme Court, and that petitioner's last day for filing a federal habeas petition was therefore June 26, 2002, plus any time for tolling.

   Respondents acknowledge that petitioner's first state habeas petition, filed June 4, 2002, was filed prior to the expiration of the one-year period of limitation and stopped the running of the statute after it had run for 343 days.  Respondents do not argue that the first state habeas petition was improperly filed, and they concede that petitioner is entitled to statutory tolling from June 4, 2002, through June 24, 2002, when the petition was denied.

   Respondents argue that petitioner is not entitled to tolling of the statute between the denial of his first state habeas petition on June 24, 2002, and his filing of a second state habeas petition on April 29, 2003, because petitioner's unjustified delay of 307 days was unreasonable under <u>Evans v. Chavis</u>, 546 U.S. 189 (2006).  Respondents contend that the statute of limitations resumed running on June 25, 2002, and expired on July 19, 2002.

   Respondents do not argue that petitioner's second state habeas petition was improperly filed.  They concede that petitioner would be entitled to statutory tolling for the period from April 29, 2003, when the petition was filed, to May 15, 2003, when the petition was denied, except for the fact that the statute of limitations expired before petitioner filed the second petition.

Respondents argue that, if the statute did not expire before the filing of the second state habeas petition, petitioner would not be entitled to tolling of the statute between the denial of the second petition on May 15, 2003, and the filing of a third state habeas petition on December 8, 2004, because the unjustified delay of 572 days, a period even longer than the delay between his first and second petitions, was unreasonable under Evans v. Chavis.

Respondents assert that petitioner's third petition had no tolling effect because the statute of limitation had expired long before petitioner filed it. Respondents conclude that petitioner failed to file his federal habeas petition by the expiration date of June 26, 2002, as extended by the brief period of tolling he was entitled to for the period between June 4, 2002, and June 24, 2002, when his first state habeas petition was pending.

II. Petitioner's Opposition

Petitioner asserts that (1) his federal petition is timely, (2) respondents have applied Evans v. Chavis erroneously and improperly, (3) he filed his state petitions in good faith under the law as it existed at the time, and (4) his petition raises several grounds for relief that fall within exceptions to California's time limitations for collateral review. He argues that respondents have failed to prove any procedural default in the state habeas proceedings.

For the most part, petitioner does not dispute respondents' contentions with regard to critical dates. He agrees that his state judgment became final on June 26, 2001, and that the statute of limitations ran without interruption until June 4, 2002, when he filed his first state habeas petition. Petitioner agrees that the limitations period had run for 343 days and that only 22 days remained when he filed his first state habeas petition. He argues, however, that the statute of limitations was tolled continuously from June 4, 2002, until the California Supreme Court denied his final state habeas petition on February 22, 2006. Petitioner asserts that he filed his federal habeas petition on March 6, 2006, with eleven days to spare.

Petitioner acknowledges that the Supreme Court found an unjustified delay of six months unreasonable in Evans v. Chavis. Petitioner cites a footnote in which the Court observed

4

that Chavis never offered any explanation for a period of inactivity of at least six months. Petitioner quotes the Court's instructions to federal courts in California, highlighting the point that timeliness must be decided on a case-by-case basis:

> In the absence of (1) clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" in the present context, or (2) clear indication that a particular request for appellate review was timely or untimely, the Circuit must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness. That is to say, without using a merits determination as an "absolute bellwether" (as to timeliness), the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a "reasonable time."

546 U.S. at ___, 126 S. Ct. at 852.

Petitioner examines the Court's analysis of the timeliness of Chavis' filings and notes that Chavis had tried to explain a 37-month delay "by arguing that he could not use the prison library to work on his petition during this time either because (1) his prison job's hours coincided with those of the library, or (2) prison lockdowns confined him to his cell" and that his inability to use the library excused the entire delay and rendered his final state habeas petition timely. Id. at 854. Petitioner cites the Supreme Court's determination that Chavis conceded the following facts: (1) he was given a new prison job about 18 months after the California Court of Appeal denied his state habeas petition, (2) his new job permitted him to use the library, and (3) the prison was relatively free of lockdowns for a period of at least six months after his job change. Petitioner observes that the Court's conclusion was that, "viewing every disputed issue most favorably to Chavis, there remains a totally unexplained, hence unjustified, delay of at least six months." Id. Thus, petitioner reasons, the Court found that an unexplained delay of approximately six months was unreasonable but did not find the remainder of the 37-month delay unreasonable because the remaining delay was explained and justified.

Petitioner argues that, despite respondents' assertion that his delays were unexplained and unreasonable, in fact his delays were justified by circumstances which must be

5

viewed by this court in the manner most favorable to him, just as the Supreme Court viewed the disputed issues most favorably to Chavis.  Petitioner states that the reasons for his delays were set forth in the habeas petitions he filed in the California Court of Appeal and the California Supreme Court.  His justifications involve (1) conflicts with his job assignment, (2) access to the prison law library, (3) medical problems, and (4) other legal matters.

Petitioner begins by explaining why he delayed the filing of his first state habeas petition until 22 days before the statute of limitations would have expired:  his sisters were severely injured in a motor vehicle accident while returning home from visiting him in prison; he suffered emotional difficulties in dealing with the accident, and his family relied on him for help in dealing with the insurance company because he was a highly experienced insurance claims adjuster prior to his arrest and conviction; he wrote letters and gave his family advice and guidance in pursuing their claims.

Turning to the period of time between the denial of his first state habeas petition and the filing of his second state habeas petition, petitioner contends that the second petition was timely under California law and therefore served to toll the statute of limitations the entire period of time between June 24, 2002, and April 29, 2003.  Petitioner asserts that his delay between June 24, 2002, and April 29, 2003, was justifiable for three reasons.

Petitioner's first justification for this period of time involves medical issues:  on July 11, 2002, petitioner was diagnosed as diabetic with a hemoglobin A1c level of 13.8, when 6.0 is normal, 7.0 is high, and 9.0 is dangerous; treatment included medication and one hour of exercise per day; his condition had been causing fatigue and other symptoms prior to the diagnosis and continued to cause such symptoms; on August 13, 2002, his hemoglobin A1c level was still high at 12.2; on October 18, 2002, the level was down to 7.9 and has remained in that range; he is classified as a chronic care inmate.

Petitioner's second justification involves law library issues in combination with his work hours and his medical needs:  his work hours during the 10-month interval between

6

1  June 24, 2002 and April 29, 2003, practically precluded law library access; he worked Monday
2  through Friday from 0730 to 1345 hours; the law library was scheduled to be open Monday
3  through Saturday from 0830 to 1430 hours but was closed during some scheduled hours; after he
4  was diagnosed as diabetic and was directed to do one hour of brisk walking every day, the brief
5  time that he could have used the library on Monday through Friday had to be used for walking
6  because of limitations on inmates' yard time; thus, for almost the entire 10-month period, his law
7  library access was limited to Saturdays.

8  Petitioner's third justification involves the nature of the claims alleged in his
9  habeas petitions and the amount of law library time needed: his trial in 1998 involved recently
10 enacted state laws, including California Evidence Code § 1108, enacted in 1996, and the one-
11 strike law that was enacted in 1995; petitioner worked diligently on his petitions, but research
12 into the constitutionality of the new laws and the jury instructions related to those laws was time
13 consuming and the prison law library is not run in a manner conducive to researching new law.

14 Petitioner argues that these circumstances support a finding of good cause for
15 substantial delay under state law as set forth in In re Robbins and In re Clark. Petitioner contends
16 that this court should find the 10-month delay between the denial of his first state habeas petition
17 and the filing of his second state habeas petition to be justified under California law and therefore
18 reasonable such that the statute of limitations was tolled during the interval.

19 Turning to the period between the denial of his second petition and the filing of
20 his third, petitioner contends that the third petition was also timely under California law and that
21 the statute of limitations should be tolled between May 15, 2003, and December 8, 2004.
22 Petitioner asserts that the delay between these dates was justifiable for four reasons.

23 Petitioner's first justification for this period of time is that he is incarcerated and
24 proceeding pro se. He argues that he is not knowledgeable in matters of law, that research is
25 difficult for incarcerated persons, and that legal rules and procedures are difficult for incarcerated
26 persons to discover and apply to their own cases.

1          Petitioner's second justification involves law library issues:  his work hours
2   during the period between May 15, 2003, and December 8, 2004, interfered with his law library
3   access; when his second state habeas petition was denied on May 15, 2003, he was working
4   Monday through Friday from 0730 to 1345 hours; for the two-month period between July 16,
5   2003, and September 16, 2003, he did not have a prison job; from September 16, 2003, to
6   November 12, 2004, he worked Monday through Friday from 0600 to 1400 hours; for the four-
7   week period between November 12, 2004, and December 8, 2004, he did not have a prison job;
8   the law library was scheduled to be open Tuesday through Saturday from 0830 to 1430 hours but
9   was closed during some of the scheduled hours; during this time, petitioner was investigating
10  new grounds for relief and seeking evidence to support the grounds he had already raised.
11         Petitioner's third justification involves the nature of the issues raised in his habeas
12  petitions:  because many of the laws used in his trial were relatively new, petitioner continuously
13  reviewed court cases for changes that could affect his arguments; in his third state habeas
14  petition, he was able to cite a Ninth Circuit case decided on October 5, 2004, that dealt with a
15  jury instruction petitioner challenged on direct appeal and has raised in his federal petition.
16         Petitioner's fourth justification involves another legal matter:  in September 2003,
17  petitioner was told during a telephone conversation with an elder at his church that the pastor had
18  accused petitioner of an inappropriate relationship with a juvenile member of the church;
19  petitioner sent a long letter to the elder denying the accusation; in April 2004, petitioner was
20  served with a complaint in which he and the church were the defendants; petitioner spent many
21  hours defending himself against the suit while seeking representation by the church's insurance
22  carrier; defense counsel was finally assigned to his case in October 2004.
23         Petitioner argues that, when all of the excused periods of time are removed from
24  the calculation, he actually filed his third state habeas petition within sixty days after the second
25  petition was denied.  Petitioner asserts that this court should find that the 19-month delay
26  between the denial of his second state habeas petition and the filing of his third state habeas

petition was justified under California law and therefore reasonable so that tolling applies during the entire interval.

Petitioner argues that he acted with due diligence at all times and filed his petitions in good faith under existing law. He asserts that his state petitions were also timely under state law because the state courts decided his petitions on their merits and because there are exceptions to the bar of untimeliness that apply to several of his claims. Citing In re Clark, 5 Cal. 4th 750 (1993), petitioner points to two exceptions he believes to be applicable: (1) errors of constitutional magnitude that led to a trial so fundamentally unfair that, absent those errors, no reasonable judge or jury would have convicted him and (2) he was convicted or sentenced under an invalid statute. Petitioner refers to his claims concerning the prosecutor's closing arguments, jury instructions, and improper sentencing.

For all of these reasons, petitioner requests that respondents' motion be denied and that respondents be ordered to answer the petition. In the alternative, petitioner requests appointment of counsel and an evidentiary hearing. Petitioner has provided extensive documentation of the reasons given for his delays in filing state habeas petitions.

III.  Respondents' Reply

Petitioner's opposition includes a proof of service reflecting that the document was served on respondents' counsel on June 28, 2006. Respondents did not file a reply to petitioner's opposition.

ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The period of limitation applies to all federal habeas petitions filed after the statute was enacted. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). Because this action was filed in 2006, the AEDPA period of limitation is applicable.

For most state prisoners, the one-year period of limitation begins to run when the prisoner's judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A). No other provision of § 2244(d)(1) appears to be applicable to this case.

It is undisputed that judgment was entered in petitioner's case on October 13, 1998, that on appeal the California Supreme Court denied review on March 28, 2001, and that petitioner's judgment of conviction became final on June 26, 2001, upon expiration of the time for filing a petition for writ of certiorari in the United States Supreme Court. The AEDPA statute of limitations began to run for petitioner on June 27, 2001, and expired one year later, on June 26, 2002, unless petitioner is entitled to the benefit of tolling provisions.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In reviewing habeas petitions originating from California, the Ninth Circuit formerly employed a rule that where the California courts did not explicitly dismiss a state habeas petition for lack of timeliness, the petition was presumed timely. In Evans v. Chavis, 546 U.S. 189, 126 S. Ct. 846 (2006), the Supreme Court rejected this approach and required the federal court to determine whether a state habeas petition was filed within what California would consider a reasonable period of time. 546 U.S. at ___, 126 S. Ct. at 852. When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).

Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408[, 414], 125 S. Ct. 1807, 1812).[1] See also Carey, 536 U.S. at 226.

Here, it is undisputed that petitioner filed his first state collateral challenge on June 4, 2002, after the statute of limitations had run for 343 days. Petitioner filed three state habeas applications.[2] The California Court of Appeal and the California Supreme Court issued summary denials. Each of these denials was an unexplained order, i.e., "an order whose text or accompanying opinion does not disclose the reason for the judgment." Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991). When confronted with a state court's unexplained order, the federal court applies the following presumption: "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." Id. at 803. See also Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). In applying the look-through presumption, unexplained orders are given no effect. Ylst v. Nunnemaker, 501 U.S. at 804.

The Placer County Superior Court issued an order rejecting petitioner's claims. This court has "looked through" the unexplained orders of the California Supreme Court and the California Court of Appeal to the Superior Court's order to determine whether the state courts found the initial petition to be untimely as a matter of state law. In its June 24, 2002 order, the Superior Court denied the petition for two reasons: petitioner failed to adequately explain why his grounds for relief were not raised on appeal and the stated grounds for relief are frivolous. The state courts did not find petitioner's initial petition to be untimely.

The California Supreme Court denied petitioner's final state habeas petition without a reasoned state judgment, but the court's summary denial includes citations to In re

---

[1] In Pace v. DiGuglielmo the Supreme Court held that time limits for filing "go to the very initiation of a petition and a court's ability to consider that petition." 544 U.S. 408, 417 (2005).

[2] Respondents do not argue that petitioner's state habeas petitions were improperly filed. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (a properly filed state application complies with the applicable laws and rules governing filings).

11

Robbins, 18 Cal. 4th 770, 780 (1998), and In re Dixon, 41 Cal. 2d 756 (1953). In Robbins, the California Supreme Court cites Dixon as a case barring habeas corpus claims that could have been raised on appeal. 18 Cal. 4th at 779. Thus, the citation to Dixon affirms the Superior Court's denial of petitioner's first state habeas petition in part for failure to adequately explain why the claims were not raised on appeal. While the California Supreme Court's citation to page 780 of Robbins appears to be an allusion to timeliness, the mere reference to Robbins does not clearly indicate a determination that petitioner's third habeas petition was untimely. The page cited sets out an analytical framework for timeliness determinations and provides that substantially delayed claims will be considered on their merits if the petitioner demonstrates good cause for the delay and that claims substantially delayed without good cause will be entertained on the merits under certain circumstances. See King v. LaMarque, 464 F.3d 963, 966 (9th Cir. 2006) (holding that the ambiguity of California's timeliness rule barring habeas petitions filed after substantial delay "is not clarified by the California Supreme Court's application of the timeliness bar, in part because the court usually rejects cases without explanation, only citing Clark and Robbins").

In the absence of a clear indication that petitioner's state habeas petitions were untimely, this court is now charged with the duty of independently determining whether the petitions were filed within what California would consider a reasonable time.[3] Chavis, 546 U.S.

---

[3] In what can fairly be characterized as a profound understatement, the Supreme Court recognized that "[g]iven the uncertain scope of California's 'reasonable time' standard, it may not be easy for the [lower federal courts] to decide in each such case whether the petitioner's state-court review petition was timely." 546 U.S. at ___, 126 S. Ct. at 852. In Bonner v. Carey the Ninth Circuit noted that it was ironic that the complicated procedure necessitated under the Supreme Court's decision in Pace derives from the AEDPA, a statute purportedly designed to streamline and simplify the complicated habeas process. 425 F.3d 1145, 1149 n.20 (9th Cir. 2005). The same observation is applicable to the case by case analysis that federal courts in California must now engage in under Evans v. Chavis to determine whether state habeas petitions were filed within what California courts would have deemed to be a "reasonable time" under California law had they elected to consider the issue. All the while it becomes more and more clear that the most simple and streamlined procedure to address the vast majority of federal habeas petitions would be to address the merits. Indeed, in the undersigned's experience, that is in fact what the California Court of Appeals and California Supreme Court elect to do in resolving the vast majority of state habeas petitions which come before those courts.

at ___, 126 S. Ct. at 852.  If the second and third petitions were filed within a reasonable time, then the statute of limitations under § 2242(d)(2) was tolled continuously from the filing of the first state habeas petition through the denial of the third state habeas petition, thereby rendering petitioner's federal habeas petition timely.

> California's timeliness rule bars habeas petitions that are filed after "substantial delay." A habeas petitioner in California must justify any "significant" or "substantial" delay in seeking habeas corpus relief.  Clark, 21 Cal. Rptr. 2d 509, 855 P.2d at 738, 750-51. There are no standards for determining what period of time or factors constitute "substantial delay" in noncapital cases. There are also no standards for determining what factors justify any particular length of delay. . . .
>
> . . . . Clark did nothing to clarify the application of the basic "substantial delay" standard with regard to noncapital cases. Furthermore, the Clark exceptions, specifying when review can be granted despite "substantial delay," do nothing to clarify the "substantial delay" standard itself.

King, 464 F.3d at 966.

In light of these ambiguous standards with respect to timeliness under California law, inconsistent application among California courts is not surprising.  In an earlier Ninth Circuit decision, the court observed that when the petitioner's case was litigated in the district court

> the California Supreme Court had denied 35 habeas petitions filed three years or more after affirmance on direct appeal, and more than half of those denials had not been on grounds of untimeliness. Only 6 cases had been denied on untimeliness alone.  The State does not dispute these figures . . . .

Morales v. Calderon, 85 F.3d 1387, 1391 (9th Cir. 1996).  The court continued:

> It is theoretically possible, we suppose, to reconcile and explain all of the California Supreme Court decisions entertaining on the merits or rejecting as untimely petitions that are three or more years old.  Those divergent decisions may indeed represent consistent exercises of discretion rather than random applications of or exceptions to the timeliness rule. But we have no way of knowing whether that is the case. The California Supreme Court's denials of habeas petitions that [petitioner] relies upon were

13

> accomplished by brief minute entries in what has been described as "post-card denial." We can discern no apparent relationship between the time of delay and the findings concerning timeliness. Nor could [petitioner] be expected to do so.

Id. at 1392 (9th Cir. 1996). See also King, 464 F.3d at 966.

In considering whether California courts would have found the habeas petitions at issue in this case untimely, it is important to note that petitioner's is not a capital case. California has been most concerned with the timeliness of habeas petitions in such cases, providing a presumptive time period for timeliness applicable only to capital cases. See Cal. Rules of Court Policy Statement 3, std. 1-1.1 (Deering 2005) ("A petition for a writ of habeas corpus [in a capital case] will be presumed to be filed without substantial delay if it is filed within 180 days after the final due date for the filing of appellant's reply brief on the direct appeal . . . ."). The undersigned recognizes that the United States Supreme Court found in Chavis an unexplained six-month gap between the filing of habeas petitions in California courts was unreasonable and therefore untimely, presumably, as a matter of California law. 546 U.S. at ___, 126 S. Ct. at 854. That conclusion was based, at least in part, on the notion that six months is far longer than the thirty to sixty days allowed by most states for the filing of an appeal to their state supreme courts and far longer than the ten days California provides for the filing of a notice of appeal. Id. Here, however, time periods for the filing of notices of appeal under state law have little application. More important to resolution of the pending motion to dismiss is the Supreme Court's holding in Saffold that the 4 1/2 month delay between the denial of the petitioner's habeas petition by the California Court of Appeal and the filing of his habeas petition with the California Supreme Court was not necessarily unreasonable and therefore did not necessarily render the petition to the California Supreme Court untimely under California law for federal statute of limitations purposes. See Saffold, 536 U.S. at 226; see also Chavis, 546 U.S. at ___, 126 S. Ct. at 858-59 (Stevens, J., concurring).

/////

In this case, petitioner's judgment of conviction became final on June 26, 2001. On June 4, 2002, petitioner submitted his first state habeas petition for filing with the Placer County Superior Court. Respondents do not argue that the petition was untimely or improperly filed. Given the evidence before the court in Morales that over a given period more than half of the habeas petitions filed three years or more after affirmance on direct appeal had not been denied on grounds of untimeliness by the California Supreme Court, as well as petitioner's explanations for his delay and the undersigned's own experience in reviewing California habeas proceedings, this court cannot conclude that the California courts, had they considered the issue, would have concluded that the initial habeas petition was not filed within a "reasonable time."

Petitioner's first state habeas petition was denied on June 24, 2002. On April 29, 2003, petitioner submitted his second state habeas petition for filing with the California Court of appeal. Respondents do not argue that the petition was improperly filed but contend that petitioner's unexplained and unjustified delay of ten months cannot be considered reasonable under California law. Given the evidence before the court in Morales, petitioner's undisputed explanations for his delay, and the undersigned's experience in reviewing California habeas proceedings, this court cannot conclude that the California courts, had they considered the issue, would have concluded that the second habeas petition was not filed within a "reasonable time."

The second state habeas petition was denied on May 15, 2003. On December 8, 2004, petitioner submitted his third state habeas petition for filing with the California Supreme Court. Respondents do not argue that the petition was improperly filed but contend that the statute of limitations expired prior to its filing. Given the evidence before the court in Morales, petitioner's undisputed explanations for his delay, and the undersigned's experience in reviewing California habeas proceedings, this court cannot conclude that the California Supreme Court, had it considered the issue, would have concluded that the third habeas petition was not filed within a "reasonable time."

/////

1    In <u>Chavis</u>, the Supreme Court was confronted with a 3-year and 1-month delay
2 between the denial of a petition filed in the California Court of Appeal and the filing of a petition
3 in the California Supreme Court.  546 U.S. at ___, 126 S. Ct. at 851.  The Court considered
4 Chavis' explanation that he could not use the prison law library to work on his petition during the
5 three years because his prison job's hours coincided with those of the library or prison lockdowns
6 confined him to his cell.  Chavis conceded that he was given a new job about a year and a half
7 after the California Court of Appeal denied his petition and did not deny the respondents'
8 assertion that the new job's hours permitted him to use the library.  He also conceded that the
9 prison was relatively free of lockdowns for a six-month period.  The Court viewed the disputed
10 issues favorably to Chavis with regard to all but six months of his 3-year and 1-month delay.  546
11 U.S. at ___, 126 S. Ct. at 854.  The Court concluded that the California Supreme Court would
12 not consider an unexplained and therefore unjustified 6-month filing delay "reasonable."  <u>Id.</u>

13    The petitioner in this case has explained and hence justified each period of delay.
14 Respondents have offered no rebuttal to his explanations.  Having determined that the delays
15 between the state court petitions cannot be said to have been unreasonable under state law, the
16 undersigned finds that the intervals between the properly filed petitions have been explained and
17 justified and that petitioner is entitled to statutory tolling for the entire time his habeas petitions
18 were pending in the state courts, including the intervals between the petitions.  Statutory tolling
19 renders the federal petition timely.  Respondents' motion to dismiss should therefore be denied,
20 and respondents should be directed to file an answer to the petition.

21    Accordingly, IT IS HEREBY RECOMMENDED that:

22    1. Respondents' April 12, 2006 motion to dismiss the petition as barred by the
23 statute of limitations be denied; and

24    2. Respondents be directed to file their answer to the petition.

25    These findings and recommendations are submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 8, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
burk0459.mtd