IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRANCE JAMES BURKE,

    Petitioner,                      No. CIV S-06-0459 FCD DAD P

   vs.

RICHARD SUBIA, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a judgment of conviction entered by the Placer County Superior Court on October 13, 1998. Respondents have filed a renewed motion to dismiss the petition on the ground that it is barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA). For the reasons set forth below, the undersigned will recommend that respondents' motion be granted.

**BACKGROUND AND STATE COURT PROCEDURAL HISTORY**

        On August 18, 1998, a Placer County jury found petitioner guilty of two counts of lewd and lascivious acts against a child under the age of 14, in violation of California Penal Code § 288(a). The jury also found true the allegations that petitioner had suffered two prior convictions for violent or serious felonies within the meaning of California Penal Code §

1

1170.12.  Petitioner was sentenced to twenty-five years to life in state prison pursuant to California Penal Code § 667.61 plus two consecutive terms of five years each for the two prior felonies, for a total of 35 years to life in state prison.  (Pet. at 2; Resp'ts' Mot. to Dismiss at 2-3 & Lodged Doc. 1 at 1-2.)

Petitioner appealed his conviction and sentence to the California Court of Appeal for the Third Appellate District.  Seven issues were raised in the appeal.  On December 28, 2000, the Court of Appeal affirmed the judgment of conviction in an unpublished opinion.  Petitioner then sought review of four of the seven issues in the California Supreme Court.  The California Supreme Court denied the petition for review on March 28, 2001.  Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.  (Pet. at 2, 3a-3c & Attachs. #1 & #2; Resp'ts' Mot. to Dismiss at 3 & Lodged Doc. 1 at 1.)

On June 4, 2002, petitioner filed a petition for writ of habeas corpus in the Placer County Superior Court.  On June 24, 2002, the Superior Court denied the petition "for the reasons that the Petitioner has failed to adequately explain why these issues were not raised on appeal.  In addition, stated grounds for relief are frivolous."  (Pet. at 3a, 3d, 4a & Attachs. 3 & 4; Resp'ts' Mot. to Dismiss at 2 & Lodged Docs. 2 & 3.)

On April 29, 2003, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District.  The California Court of Appeal summarily denied the petition on May 15, 2003.  (Pet. at 4a & Attachs. #5 & #6; Resp'ts' Mot. to Dismiss at 3 & Lodged Docs. 4 & 5.)

On December 8, 2004, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  The California Supreme Court denied the petition on February 26, 2006, with citations to In re Robbins, 18 Cal. 4th 770, 780 (1998) and In re Dixon, 41 Cal. 2d 756 (1953).  (Pet. at (4)(a), (4)(b) & Attachs. 7 & 8; Mot. to Dismiss at 3& Lodged Docs 6 & 7.)

/////

/////

# FEDERAL COURT PROCEDURAL HISTORY

On March 6, 2006, petitioner filed his federal habeas petition. On March 15, 2006, the undersigned ordered respondents to file a responsive pleading. On April 12, 2006, respondents filed a motion to dismiss on the ground that the petition was filed outside of the AEDPA one-year statute of limitations. On December 11, 2006, the undersigned recommended that respondents' motion to dismiss be denied. Respondents filed objections, and petitioner filed a reply.

On February 15, 2007, the assigned district judge found that the undersigned's findings and recommendations were supported by the record and by the proper analysis. The court declined to exercise its discretion to consider respondents' new arguments and supplemental evidence presented for the first time in their objections and adopted the findings and recommendations in their entirety. The assigned district judge also ordered respondents to file a response to the federal petition.

On February 21, 2007, respondents filed a Rule 59(e) motion to alter or amend the judgment in light of the Ninth Circuit's decision in Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (holding that a denial of a state habeas petition by the California Supreme Court citation to In re Robbins, 18 Cal. 4th 770, 780 (1998) was a clear ruling that the petition was untimely)[1] On March 15, 2007, the undersigned denied the motion because no judgment had been issued in the case within the meaning of Rule 59(e). In so doing, the court indicated that respondents could file a renewed motion to dismiss in reliance on the new decision referred to in the motion. Respondents then filed the pending renewed motion to dismiss. Petitioner has filed a timely opposition.

/////

/////

---

[1] Thorson had been decided on the same day the district judge adopted the findings and recommendations in this case.

**RESPONDENTS' RENEWED MOTION TO DISMISS**

Respondents again move to dismiss on the grounds that petitioner's habeas petition is time-barred. (Resp'ts' Mot. to Dismiss at 1.) In this regard, respondents argue that petitioner's conviction became final on June 26, 2001. (Id. at 4.) Petitioner therefore had until June 26, 2002 to file his federal habeas petition. (Id.) Petitioner did not file the instant petition until March 6, 2006. (Id.) Absent tolling, respondents contend that the petition is untimely under the AEDPA. (Id.)

Respondents acknowledge that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. (Resp'ts' Mot. to Dismiss at 4-5.) Respondents also acknowledge that a properly filed application is "pending" and tolls the one-year limitations period while under consideration by the court. (Id. at 5.) Finally, respondents note that AEDPA's tolling provision allows for the possibility of continuous statutory tolling for the time in which a prisoner is properly pursing one complete round of the state's collateral review process. (Id.)

Respondents emphasize, however, that "[a]n application is 'properly filed' when its deliver and acceptance are in compliance with the applicable laws and rules governing filings." (Resp'ts' Mot. to Dismiss at 4-5) (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)). Therefore, if a state court has rejected an application as untimely, the application is not properly filed and has no tolling effect. (Id. at 5.) Here, respondents argue, the habeas petition filed by petitioner with the California Supreme Court was clearly denied as untimely under state law and therefore did not serve to toll the one-year federal statute of limitations. Though oddly phrased, respondents' argument is persuasive.[2]

---

[2] In presenting this argument respondents' counsel reviews the history of petitioner's state habeas proceedings and concludes at one point: "The limitations period then ran for eleven days until Petitioner filed his federal petition for writ of habeas corpus on March 6, 2006, for a total of 354 days." (Resp'ts' Mot. to Dismiss at 4-5.) Were this the case, of course, the federal

4

1    Respondents argue that petitioner did not properly file his California Supreme
2 Court petition. (Resp'ts' Mot. to Dismiss at 6.) Relying on the decision in Thorson, respondents
3 contend that when the California Supreme Court summarily denies a state habeas petition by
4 citing the page in the Robbins decision cited by that court here, it is a "clear ruling" that the
5 petition was rejected as untimely. (Id. at 7.) Such a petition is not properly filed, so the
6 limitations period begins to run upon the lower court's denial and is not tolled while the petition
7 is under consideration by the California Supreme Court. (Id. at 7-8.) Respondents contend that,
8 the limitations period for petitioner's filing of a federal habeas petition began to run again on
9 May 16, 2003, the day after the California Court of Appeal denied habeas relief, and expired on
10 or about June 6, 2003, long before petitioner filed the instant federal petition. (Id. at 8.)

11    Respondents acknowledge that petitioner has offered explanations for his delay in
12 filing his habeas petition with the California Supreme Court in his previous opposition to
13 respondents' first motion to dismiss. (Id.) These reasons included petitioner's legal research,
14 rewriting the petition to abandon one claim and make the remainder of the petition more concise,
15 his prison work hours, restricted access to the library, and dealing with allegations of
16 inappropriate conduct with a minor in his church congregation. (Id.) However, respondents
17 contend that these justifications were all presented to the California Supreme Court and that court
18 nonetheless denied the petition as untimely. (Id.) Respondents argue that the California
19 Supreme Court's ruling of untimeliness is "the end of the matter." (Id. at 8) (citing Pace v.
20 DiGuglielmo, 544 U.S. 408, 414 (2005) and Carey v. Saffold, 536 U.S. 214, 226 (2002)).

21    Respondents conclude that because petitioner's federal petition is untimely, it
22 must be dismissed with prejudice. (Resp'ts' Mot. to Dismiss at 9-10.)
23 /////

---

25 petition would be timely filed within the one-year statute of limitations. Though awkwardly presented, respondents' actual argument is that far more than one year's time ran before the filing
26 of the federal petition since the petition filed with the California Supreme Court could not serve to toll the statute of limitations.

**PETITIONER'S OPPOSITION**

Petitioner has submitted numerous arguments in opposition to respondents' motion to dismiss. First, petitioner contends that respondents waived the issue they raise in their brief because they failed to raise it at the earliest opportunity. (Pet'r's Opp'n to Resp'ts' Mot. to Dismiss at 12.) Petitioner notes that he pointed out respondents' error in his previous opposition, and respondents failed to address it in a reply. (Id.) Petitioner contends that respondents have never offered an explanation as to why they failed to raise the affirmative defense. (Id. at 13-14.)

Second, petitioner contends that the California Supreme Court's denial of his habeas petition was unreasonable. (Pet'r's Opp'n to Resp'ts' Mot. to Dismiss at 14.) In this regard, petitioner notes that the California Supreme Court, the California Court of Appeal, and the Placer County Superior Court never ordered an evidentiary hearing regarding the facts presented in petitioner's state petition. (Id.) Petitioner contends that under the AEDPA no deference is due to the state courts where, as here, the state has made an unreasonable determination of the facts. (Id.)

Third, petitioner contends that the California Supreme Court may have rushed its decision. (Pet'r's Opp'n to Resp'ts' Mot. to Dismiss at 17.) After waiting more than 14 months, petitioner contends that he wrote the California Supreme Court inquiring about his petition. Petitioner notes that the court returned the correspondence to him, stamped "Received", along with a copy of the docket showing that the court denied the petition on the same day it received petitioner's inquiry. (Id.)

Fourth, petitioner argues that he filed his petitions under the rule of law existing at that time. (Pet'r's Opp'n to Resp'ts' Mot. to Dismiss at 18.) In this regard, petitioner contends that he filed his petition with the California Supreme Court based on the understanding that, so long as his petition was properly filed and ruled on, it would toll the AEDPA's statute of limitations, regardless of whether it was denied on the merits or on procedural grounds. (Id.)

/////

1        Fifth, petitioner argues that the Ninth Circuit's decision in <u>Thorson</u> is in need of
2 further review for a variety of reasons. (Pet'r's Opp'n to Resp'ts' Mot. to Dismiss at 18-19.)
3 Finally, petitioner contends that <u>Thorson</u> is inconsistent with other Ninth Circuit and U.S.
4 Supreme Court decisions and is confusing. (<u>Id.</u> at 21-23.)

5        Sixth, petitioner contends that the California courts have not applied the decision
6 in <u>In re Robbins</u> consistently with respect to the issue of timeliness. (Pet'r's Opp'n to Resp'ts'
7 Mot. to Dismiss at 24.) He argues that even in denying his own state habeas petitions, the state
8 courts have employed the decision in <u>In re Robbins</u> arbitrarily, citing it sometimes and not others.
9 Petitioner contends that the state has not been able to prove that the procedural rules regarding
10 timeliness have been consistently or regularly applied by California courts. (<u>Id.</u> at 24.)

11        Finally, petitioner argues that his federal petition contains a number of grounds
12 demonstrating that his constitutional rights have been violated and his trial and its verdict are
13 infirm. (Pet'r's Opp'n to Resp'ts' Mot. to Dismiss at 24.) He contends that to not have a federal
14 court review his claims would constitute a miscarriage of justice. (<u>Id.</u> at 25.)

15                                          **ANALYSIS**

16        Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a
17 one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court
18 by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The
19 period of limitation applies to all federal habeas petitions filed after the statute was enacted.
20 <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997). Because this action was filed in 2006, the
21 AEDPA period of limitation is applicable.

22        The one-year period of limitation began to run when petitioner's judgment of
23 conviction became final by the conclusion of direct review or the expiration of the time for
24 seeking such review. <u>See</u> 28 U.S.C. § 2244(d)(1)(A). In this case, judgment was entered against
25 petitioner on October 13, 1998. On appeal, the California Supreme Court denied review on
26 March 28, 2001. Accordingly, petitioner's judgment of conviction became final on June 26,

1  2001, upon expiration of the time for filing a petition for writ of certiorari in the United States
2  Supreme Court.  See Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir. 1999).  The AEDPA
3  statute of limitations began to run the following day, on June 27, 2001, and expired one year
4  later, on June 26, 2002, unless petitioner is entitled to the benefit of tolling provisions.  Patterson
5  v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

6  "The time during which a properly filed application for State post-conviction or
7  other collateral review with respect to the pertinent judgment or claim is pending shall not be
8  counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of
9  limitations is not tolled during the interval between the date on which a judgment becomes final
10 and the date on which the petitioner files his first state collateral challenge.  Nino v. Galaza, 183
11 F.3d 1003, 1006 (9th Cir. 1999).  Once state collateral proceedings are commenced, a state
12 habeas petition is "pending" during a full round of review in the state courts, including the time
13 between a lower court decision and the filing of a new petition in a higher court, as long as the
14 intervals between petitions are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

15 However, a petitioner is only entitled to tolling for those time periods during
16 which his "properly filed" state habeas petitions were pending.  See 28 U.S.C. § 2244(d)(2); Pace
17 v. DiGuglielmo, 544 U.S. 408, 414 (2005) (habeas petition rejected by state court as untimely
18 was not "properly filed" for purposes of statutory tolling); Thorson v. Palmer, 479 F.3d 643, 645
19 (9th Cir. 2007).  When a state postconviction petition is determined to be untimely by a state
20 court, that is the end of the matter for purposes of § 2244(d)(2).  Bonner v. Carey, 425 F.3d 1145,
21 1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408 [, 414], 125 S. Ct. 1807, 1812
22 (2005)).  See also Carey, 536 U.S. at 226.  In Thorson v. Palmer the Ninth Circuit held that a
23 state habeas corpus petition denied with citation to " the very page of Robbins that sets forth 'the
24 basic analytical framework' governing California's timeliness determinations in habeas corpus
25 proceedings" was a clear ruling that the state petition was untimely and therefor not properly
26 filed.  479 F.3d at 645.  Id.

In this case, it is undisputed that the statute of limitations had run for 343 days before petitioner filed his first state habeas petition with the Placer County Superior Court on June 4, 2002. On June 24, 2002, the Superior Court denied petitioner's first state habeas petition "for the reasons that the Petitioner has failed to adequately explain why these issues were not raised on appeal. In addition, stated grounds for relief are frivolous." (Lodged Docs 3.) Approximately ten months later, on April 29, 2003, petitioner filed his habeas petition with the California Court of Appeal. On May 15, 2003, the California Court of Appeal summarily denied that petition. (Lodged Docs 5.) Over eighteen months later, on December 8, 2004, petitioner filed his habeas petition with the California Supreme Court. On February 26, 2006, the California Supreme Court denied that petition stating only "Petition for writ of habeas corpus is DENIED. (See In re Robbins (1998) 18 Cal. 4th 770, 780; In re Dixon (1953) 41 Cal. 2d 756.)" (Lodged Docs 7.)

As in Thorson, here the California Supreme Court denied the petition before it as untimely, citing the same page of the In re Robbins decision cited in Thorson's case. The holding in Thorson binds this court and requires a finding that petitioner's Supreme Court petition was denied as untimely and did not, therefore, operate to toll the federal statute of limitations. While it is not clear because of the summary nature of the order which filing delay the California Supreme Court was referring to, the most likely period the court considered excessive was the 572-day period between the California Court of Appeal's habeas denial and petitioner's filing of his petition with the California Supreme Court. In that case, the one-year limitations period ran for 343 days from June 26, 2001, the date petitioner's conviction became final until June 4, 2002, the date petitioner filed his first habeas petition with the Superior Court. The AEDPA clock started running again on May 15, 2003, the date the Court of Appeal denied his petition and did not stop until March 6, 2006, the date he filed his federal petition with this

/////

/////

court.  Based on this calculation, petitioner's untolled time ran for almost four years before his federal petition was filed, far exceeding AEDPA's one-year limitation period.[3]

As in Thorson, any ambiguity in the California Supreme Court's order does not affect the decision in this case.  Well over one-year of untolled time ran long before the federal petition was filed.  Accordingly, respondents' motion to dismiss should be granted.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that respondents' April 3, 2007 motion to dismiss the petition as barred by the statute of limitations be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain

/////
/////
/////
/////

---

[3] In the alternative, if the California Supreme Court's order refers to the 307-day period between the Superior Court's denial of the petition before it and petitioner's filing of his petition with the California Court of Appeal, petitioner's Court of Appeal petition was not "properly filed," and the period between the Superior Court's denial and petitioner's filing of his California Supreme Court petition is not tolled.  Under that scenario, the one-year limitations period ran for 343 days from June 26, 2001, the date petitioner's conviction became final until June 4, 2002, the date petitioner filed his habeas petition with the Superior Court.  The AEDPA clock started running again on June 24, 2002, the date the Superior Court denied his petition and did not stop until December 8, 2004, the date he filed his petition with the California Supreme Court.  Based on this calculation, petitioner's untolled time ran for more than three years, still far exceeding AEDPA's one-year limitation period.  See Thorson v. Palmer, 479 F.3d 643, 645-46 (9th Cir. 2007) (addressing the various periods of delay the California Supreme Court could have been referring to in their summary denial and their effect on the timeliness of the federal petition.)

1  circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: October 17, 2007.

```
                                    /s/ Dale A. Drozd
                                    _____
                                    DALE A. DROZD
                                    UNITED STATES MAGISTRATE JUDGE
```

7  DAD:9
   burk0459.mtd(2)