IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRANCE JAMES BURKE,

    Petitioner,                        No. CIV S-06-0459 FCD DAD P

   vs.

RICHARD SUBIA, Warden, et al.,

    Respondents.                 ORDER

_____/

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 7, 2008, the court adopted the assigned magistrate judge's findings and recommendations and granted respondents' motion to dismiss the petition as barred by the statute of limitations. Judgment was entered on that same day. Before the court is petitioner's motion for relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Respondents have filed an opposition to that motion and petitioner has filed a reply. Also before the court is petitioner's request for a certificate of appealability.

      In petitioner's motion, he argues that the court should reconsider and amend the judgment under Rule 60(b)(2) or Rule 60(b)(6) in light of the Ninth Circuit's decision in Harris v. Carter, 515 F.3d 1051 (9th Cir. 2008), which was rendered after judgment was entered in this

1

case. In Harris, the court found that the petitioner had relied upon Ninth Circuit precedent as it existed prior to the Supreme Court's decision in Pace v. DiGugliemo, 544 U.S. 408 (2005) in concluding that he could delay in filing his federal habeas petition until he had exhausted his remedies in state court. Harris, 515 F.3d at 1055. The court noted that prior to the decision in Pace, Ninth Circuit law was that an untimely state court petition was nonetheless "properly filed" and operated so as to toll the federal statute of limitations while pending before the state courts. Harris, 515 F.3d at 1053. Because Harris' federal petition became untimely only after the Supreme Court overruled controlling Ninth Circuit precedent, the court concluded that this was the type of extraordinary circumstance justifying equitable tolling of the statute of limitations. Id.

As noted above, petitioner here seeks relief under Rule 60(b) in light of the decision in Harris. Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . (6) any other reason justifying relief from the operation of the judgment. . . .

Rule 60(b) motions are addressed to the sound discretion of the district court. See Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986); Savarese v. Edrick Transfer & Storage, 513 F.2d 140, 146 (9th Cir. 1975); Rodriguez v. Bowen, 678 F. Supp. 1456, 1457 (E.D. Cal. 1988).

Even if the holding in Harris would allow for a grant of equitable tolling under the facts of the instant case and the court determined that petitioner had been pursuing his rights

/////

/////

/////

/////

diligently, petitioner is not entitled to the relief he seeks under Rule 60(b).[1]  Specifically, new court decisions do not constitute "newly discovered evidence" under Rule 60(b)(2).  <u>Jones v. Aero/Chem Corp.</u>, 921 F.2d 875, 878 (9th Cir. 1990) (laying out standard for newly discovered evidence); <u>see</u> also <u>United States v. Danks</u>, 357 F. Supp. 193, 194 (D. Hawai'i 1973) (a recent decision of the Ninth Circuit found not to constitute "newly discovered evidence" and therefore a motion for e new trial under Fed. R. Crim. P. 33 was not appropriate).  Moreover, new court decisions do not constitute "extraordinary circumstances" under Rule 60(b)(6).  <u>Gonzales v. Crosby</u>, 545 U.S. 524 536-37 (2005) ("It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different inteperation."); <u>Delay v. Gordon</u>, 475 F.3d 1039, 1046 n.13 (9th Cir. 2007) (a change in decisional law does not warrant relief under Rule 60(b)(6)); <u>Tomlin v. McDaniel</u>, 865 F.2d 209 (9th Cir. 1988) ("a change in applicable law after a judgment has become final in all respects is not a sufficient basis for vacating the judgment").  Accordingly, the court will deny petitioner's Rule 60(b) motion.

Also before the court is petitioner's request for a certificate of appealability.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

/////

---

[1] The court notes that in <u>Harris</u> the petitioner was quite diligent, filing three successive petitions in state court within thirty days or less of having been denied relief by the lower state court.  See <u>Harris v. Carter</u>, 515 F.3d 1051, 1053 (9th Cir. 2008).  The Ninth Circuit found that the petitioner had "diligently pursued his right" and had relied upon then-binding Ninth Circuit precedent in waiting to file his federal petition.  515 F.3d at 1055-56.  In contrast, here petitioner allowed 343 days run on the statute of limitations before filing his first state habeas petition, delayed another ten months before filing his habeas petition with the California Court of Appeal after his first petition was denied and waited over eighteen months before filing his petition with the California Supreme Court after the denial of his second petition.  Thus, even if the holding in <u>Harris</u> was applied to his case, petitioner would not be entitled to equitable tolling of the statute of limitations.

A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" <u>Jennings v. Woodford</u>, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).[2]

Petitioner has made a substantial showing of the denial of a constitutional right in the following issue presented by the instant petition: Whether the petitioner is entitled to equitable tolling of the statute of limitations in the filing of his federal petition for a writ of habeas corpus given his reliance on Ninth Circuit precedent.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's February 29, 2008 motion for relief from judgment is denied; and

2. A certificate of appealability is issued in the present action.

DATED: May 9, 2008.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause. <u>Jennings v. Woodford</u>, 290 F.3d 1006, 1010 (9th Cir. 2002).